COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       German Perez-Vasquez v. The State of Texas

Appellate case number:    01-15-00882-CR

Trial court case number:   13CR0953

Trial court:                       405th District Court of Galveston County

Appellant's appointed counsel, Kevin Bradley Stryker, has not filed a brief on appellant's behalf in the above-referenced appeal. Appellant's brief was originally due on March 31, 2016. On September 20, 2016, counsel's fifth motion for extension of time to file the brief was granted, and the brief was ordered filed by October 17, 2016. The order stated additional motions for extension would not be granted. Counsel stated in this fifth motion that had done extensive work and did not anticipate needing any further extension. Nevertheless, on October 17, 2016, counsel requested a sixth extension.

On October 25, 2016, the sixth motion to extend was denied, and counsel was ordered to file the brief on or before November 14, 2016. The order stated that if the brief was not filed, a hearing in the trial court would be ordered. No brief has been filed.

Appellant's counsel has seriously delayed the resolution of this appeal. Appellant's brief is more than 240 days overdue.

Pursuant to Rule 38.8, we abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed counsel Stryker, and appellant shall be present.* The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

    (1)   whether appellant wishes to prosecute this appeal; and, if so,

---

\*     If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(2)    whether appointed counsel Stryker has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3)    and, if so, whether appellant is presently

   (a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

   (b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4)    or, if appointed counsel Stryker has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that counsel has failed to file a brief for more than 240 days and establish a date certain by which counsel will file appellant's brief, no later than 20 days from the date of the hearing.

TEX. CODE CRIM. PROC. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than December 29, 2016.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than December 29, 2016.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
               ☒  Acting individually

Date:  December 13, 2016